## William Rosinski, Plaintiff in Error, v. Charles A. Burton, Defendant in Error.

## Gen. No. 15,870.

1. PRACTICE—*when special interrogatories should not be submitted.* Special interrogatories which do not relate to ultimate facts should not be submitted to the jury.

2. INSTRUCTIONS—*undue prominence to particular facts.* Instructions should not be given which single out and give undue prominence to particular facts in evidence.

3. INSTRUCTIONS—*ignoring counts.* An instruction is erroneous which excludes from the jury certain counts of a declaration which if proven would entitle a recovery.

4. INSTRUCTIONS—*invasion of province of jury.* An instruction should not be given which invades the province of the jury.

5. INSTRUCTIONS—*assumption of facts.* An instruction is erroneous which assumes that a servant has acquired knowledge by experience as to the operation of a machine which resulted in his injury.

6. ISTRUCTIONS—*reference to declaration.* It is not improper for the court to refuse an instruction which refers the jury to the declaration for the issues involved in the cause.

7. MASTER AND SERVANT—*extent of doctrine of assumed risk.* A servant sometimes is held to assume even the negligence of his master. This rule is applied as against a servant where with knowledge of his master's negligence he continues in his employ without complaint.

Action in case for personal injuries.    Error to Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded.    Opinion filed October 4, 1911. Rehearing denied October 25, 1911.

N. L. PIOTROWSKI and CYRUS J. WOOD, for plaintiff in error.

F. J. CANTY and R. J. FOLONIE, for defendant in error; J. C. M. CLOW, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Plaintiff in error, a minor, by his next friend, brought suit against defendant in error to recover damages for personal injuries alleged to have been sustained by the negligence of the latter. A trial by jury resulted in a verdict for defendant in error and judgment upon such verdict, to reverse which judgment this writ of error is prosecuted.

The declaration consists of three counts. The first or original count alleges that defendant in error owned and operated in his shop a certain punching or stamping machine which plaintiff in error was employed to operate; that plaintiff in error was ignorant of the workings of said machine, and it was the duty of defendant in error to give him proper and sufficient instructions in regard to the operation of said machine; that defendant in error negligently ordered plaintiff in error to operate said machine without giving him

such instructions whereby while in the exercise of due care he was injured, etc. The first additional count alleges that defendant in error negligently permitted said machine to be and remain in a defective condition in that the stamp or die was liable to fall prematurely and before being released by the operator, of all of which defendant in error had notice and plaintiff in error was unaware; that while plaintiff in error was operating said machine under the directions of defendant in error, and while in the exercise of ordinary care to be expected of one of his age and experience, the said die or stamp fell prematurely and unexpectedly on plaintiff in error. The second additional count alleges a failure of defendant in error to exercise reasonable care to provide a reasonably safe place for plaintiff in eror to work, in this, that the place was not sufficiently and properly lighted, etc.

It is first urged that the verdict was against the manifest weight of the evidence. Inasmuch as the judgment must be reversed and the cause remanded for error in instructions, it is sufficient to say that in the absence of errors of law we would not be justified in reversing the judgment.

At the instance of defendant in error the trial court submitted to the jury four special interrogatories, none of which related to such ultimate facts as would control a general verdict. While the submission of these instructions was not sufficiently harmful to plaintiff in error to require a reversal of the judgment, they should have been refused.

The 3rd, 4th, 5th, 6th, 7th, 9th, 12th, 13th, 15th, 17th and 18th instructions given at the request of defendant in error, it is urged are erroneous.

The 3rd and 4th instructions are faulty in this, that they single out and give undue prominence to particular facts in evidence. The 5th instruction casts the burden on the plaintiff in error to show that at and be-

fore the time of his injury he was in the exercise of such care for his safety as might reasonably be expected of a person of his age, capacity and experience under the same or similar circumstances. The instruction is an accurate statement of the law. The 6th instruction directs a verdict of not guilty generally upon the failure of plaintiff in error to prove the negligence alleged in the first count of the declaration, wholly eliminating the first and second additional counts. The instruction should have been limited in its application to the first count of the declaration, or should have been refused. It could not have been otherwise than harmful to plaintiff in error. The 7th instruction relates to the question of assumed risk and states the law applicable thereto with substantial accuracy. The 9th instruction directs a verdict and ignores the first count of the declaration. It should have been refused as offered. The 12th instruction is subject to the same objection. The 13th instruction, in part, infringes upon the province of the jury, and is further objectionable because while directing a verdict it ignores the first count of the declaration. The 15th instruction improperly assumes that plaintiff in error had acquired knowledge as to the operation of the machine by experience. The instruction directs a verdict and is further objectionable because it ignores the grounds of recovery alleged in the first and second additional counts of the declaration. The 17th instruction is not open to the criticism made and was properly given. The specific objection urged to the 18th instruction is, in substance, that it contravenes the supposed rule, that a servant does not assume risks due to the negligence of the master. In Kath v. East St. L. Sub. Ry. Co., 232 Ill. 126, it was held that an employe assumes all risks connected with the business in which he is employed of which he has notice, even though they are produced by the negligence of the master, if such employe continues in the employment.

It is lastly urged that the court improperly refused the instruction indicated as No. 26 offered by plaintiff in error. The practice of referring the jury to the declaration to ascertain the issues involved is not to be commended, and the instruction was not improperly refused. Waschow v. Kelly Coal Co., 245 Ill. 517.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*